UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DERLON K. CRAIN**              :        CIVIL ACTION NO. 14-692
    **#91405**                                      SECTION P

**VERSUS**                              :        JUDGE MINALDI

**SHERIFF'S OFFICE**
**CALCASIEU PARISH, ET AL**   :        MAGISTRATE JUDGE KAY

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* civil rights suit (42 U.S.C. § 1983) filed by plaintiff Derlon K. Crain (herein "Crain"). Crain is an inmate in custody of the Louisiana Department of Public Safety and Corrections (herein "LDOC") and, at the time he filed this action, he was incarcerated at the Calcasieu Parish Jail (herein "CPJ") in Lake Charles, Louisiana. As defendants, Crain names Calcasieu Parish Sheriff's Office (herein "CPSO"), CPJ's Intake Administration, and Sheriff Tony Mancuso.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 USC §636 and the standing orders of the court. For the following reasons it is recommended that this action be **DISMISSED WITH PREJUDICE**.

**I.**
*Background*

Crain states that he was arrested in March of 2013 and was held in custody at CPJ for approximately one year before being transferred to Elayn Hunt Correctional Center (herein "EHC"). Doc. 1, p. 3. During that time Crain alleges that CPJ did not screen incoming inmates for infectious diseases. Crain states that upon his arrival at EHC, a blood test and X-ray were

administered, both of which confirmed that he tested positive for Tuberculosis (herein "TB"). Following his diagnosis, Crain was prescribed medication which he is required to take on a regular basis. *Id.* Crain claims that he had never "had any type [of] diseases prior to coming to [the] Calcasieu Parish Prison." Doc. 2, att. 1, p. 2. Crain claims that the defendant(s) are liable for monetary damages as a result of their "bringing [l]ife time illness" to him. Doc. 1, p. 4.

## II.
### *Law and Analysis*

A. *Frivolity Review*

Crain has been granted leave to proceed *in forma pauperis* pursuant to 28 USC §1915. Under 28 USC §1915(e)(2)(B)(i) and (ii), a district court is directed to dismiss an action if the court determines that the action is frivolous or fails to state a claim on which relief may be granted. *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

B. *42 U.S.C. § 1983*

Under 42 USC §1983 any person who, under the color of state law, deprives another of any right, privilege, or immunity secured by the Constitution and laws of the United States, "shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding

for redress." 42 U.S.C. § 1983. Thus, in order to hold any defendant liable under 42 USC §1983, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon,* 777 F.2d. 999, 1005 (5th Cir. 1985).

Here, even if we accept his allegations as true as we are required to do, Crain has not shown that a constitutional right has been violated. Crain's sole complaint in this action is that the defendants failed to screen incoming inmates for TB, resulting in his testing positive for the same after he was transferred to EHC. Our review of the applicable case law, however, indicates that the screening of all inmates is not constitutionally required. See *Gibbs v. Grimmette,* 254 F.3d 545, 550 (5th Cir. 2001); *Kennedy v. Gusman,* No. 06-5274, 2007 WL 1302554, at *3 (E.D. La. May 2, 2007*); Verrette v. Randolph,* No. CIV. A. 08-1200, 2009 WL 103715, at *6-7 (E.D. La. Jan. 14, 2009); *Scott v. Gusman*, No. CIV.A. 10-2706, 2011 WL 666851, at *7 (E.D. La. Feb. 14, 2011). Accordingly, an amendment of the complaint would serve no useful purpose since Crain's claims are frivolous as a matter of law. We therefore recommend that his complaint be dismissed with prejudice.

### III.
*Conclusion*

For the reasons stated above,

**IT IS RECOMMENDED** that Crain's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 23rd day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE